UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| LOTUS INVESTMENT FUND 1, LLC, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 18-CV-0205-CVE-JFJ |
| | ) |
| SHIRLEY DIONNE GARRETT, | ) |
| a/k/a Shirley Garrett, | ) |
| a/k/a Shirley D. Webster, and | ) |
| DWAYNE M. GARRETT, | ) |
| | ) |
| Defendants. | ) |

**OPINION AND ORDER**

Now before the Court is defendant Shirley Dionne Garrett's[1] notice of removal (Dkt. # 1). Garrett, appearing pro se, has filed a notice of removal (Dkt. # 1) attempting to remove a case from Washington County District Court, but she has not attached a copy of the state court record to her notice of removal. In her notice of removal, Garrett states that "[t]his court has no jurisdiction [sic] powers," and she further states that it is a felony under 18 U.S.C. § 241 to "assert jurisdiction without proper authority . . . ." Dkt. # 1, at 1. Garrett is proceeding pro se and, consistent with Supreme Court and Tenth Circuit precedent, the Court will construe her pro se pleadings liberally. Haines v. Kerner, 404 U.S. 519, 520 (1972); Gaines v. Stenseng, 292 F.3d 1222, 1224 (10th Cir. 2002).

Plaintiff has not attached a copy of the state court petition and the basis for removal of the state court case is unclear. However, this is not the first time that plaintiff has attempted to invoke

---

[1] In this Opinion and Order, the Court will refer to Shirley Dionne Garrett as "Garrett" and will identify other persons with the last name of Garrett by their full names.

federal subject matter jurisdiction in her dispute with Lotus Investment Fund 1, LLC (Lotus). Garrett previously filed a case against Lotus and the case was assigned to the Honorable Gregory K. Frizzell. Shirley Dionne Garrett et al. v. Lotus Investment Fund 1, Inc., LLC, 17-CV-312-GKF-JFJ (N.D. Okla.). Judge Frizzell provided a list of the numerous federal lawsuits in which Garrett, Dwayne M. Garrett, and Delmer Garrett have attempted to collaterally attack the validity of a marriage between Dwayne M. Garrett and Carlotta Lowe, and he explained that each of the prior cases had been dismissed or remanded to state court for lack of subject matter jurisdiction. Shirley Dionne Garrett et al. v. Lotus Investment Fund 1, Inc., LLC, 17-CV-312-GKF-JFJ, Dkt. # 36 (N.D.Okla. Oct. 4, 2017). Judge Frizzell specifically considered Garrett's argument that the court had subject matter jurisdiction under 18 U.S.C. § 241, and he rejected Garrett's argument that the statute gave rise to a private right of action in a federal civil case. Id. at 2. Judge Frizzell dismissed the case for lack of jurisdiction, and Garrett appealed that decision to the Tenth Circuit Court of Appeals. The Tenth Circuit affirmed the dismissal of Garrett's claims for lack of subject matter jurisdiction. Shirley Dionne Garrett et al. v. Lotus Investment Fund 1, Inc., LLC, 17-CV-312-GKF-JFJ, Dkt. # 43 (N.D.Okla. Feb. 28, 2018).

In her notice of removal, Garrett cites Washington County District Court Case No. CJ-2015-213 as the case being removed to this Court. The Court has independently searched its own records, and finds that plaintiff has attempted to remove this state court case to federal court at least two times. Lotus Investment Fund 1, LLC v. Shirley Dionne Garrett et al., 18-CV-110-GKF-JFJ (N.D. Okla); Lotus Investment Fund 1, LLC v. Shirley Dionne Garrett et al., 16-CV-173-JHP-FHM (N.D. Okla.). In both prior removals, the case was remanded to state court for lack of federal subject matter jurisdiction.

2

Federal courts are courts of limited jurisdiction, and there is a presumption against the exercise of federal jurisdiction. Merida Delgado v. Gonzales, 428 F.3d 916, 919 (10th Cir. 2005); Penteco Corp. Ltd. Partnership--1985A v. Union Gas System, Inc., 929 F.2d 1519, 1521 (10th Cir. 1991). The party invoking federal jurisdiction has the burden to allege jurisdictional facts demonstrating the presence of federal subject matter jurisdiction. McNutt v. General Motors Acceptance Corp. of Indiana, Inc., 298 U.S. 178, 182 (1936) ("It is incumbent upon the plaintiff properly to allege the jurisdictional facts, according to the nature of the case."); Montoya v. Chao, 296 F.3d 952, 955 (10th Cir. 2002) ("The burden of establishing subject-matter jurisdiction is on the party asserting jurisdiction."). The Court has an obligation to consider whether subject matter jurisdiction exists, even if the parties have not raised the issue. The Tenth Circuit has stated that "[f]ederal courts 'have an independent obligation to determine whether subject-matter jurisdiction exists, even in the absence of a challenge from any party,' and thus a court may *sua sponte* raise the question of whether there is subject matter jurisdiction 'at any stage in the litigation.'" 1mage Software, Inc. v. Reynolds & Reynolds Co., 459 F.3d 1044, 1048 (10th Cir. 2006).

The Court initially notes that Garrett has not attached a copy of the state court petition to the notice of removal, and the notice of removal provides no description of the claims or issues involved in the underlying lawsuit. She also affirmatively states that "[t]his court has no jurisdiction [sic] powers," and this appears to be an admission that this Court lacks subject matter jurisdiction over this case. Dkt. # 1, at 1. The Court finds no basis to exercise subject matter jurisdiction over this case, and the Court notes that this is the third time that this case has been remanded to state court. The Court has already imposed filing restrictions on Dwayne Garrett, and these filing restrictions have been upheld by the Tenth Circuit. Garrett v. Selby Connor Maddux & Janer, 425 F.3d 826

3

(10th Cir. 2005). The restrictions were imposed on Dwayne Garrett for filing numerous frivolous lawsuits concerning the same subject matter as the improperly removed case, and the Court will consider imposing similar filing restrictions on Shirley Dionne Garrett if she continues to frivolously file or remove cases to this court.

**IT IS THEREFORE ORDERED** that the Court Clerk is directed to **remand** this case to Washington County District Court.

**DATED** this 19th day of April, 2018.

*[signature]*
CLAIRE V. EAGAN
UNITED STATES DISTRICT JUDGE